IN THE UNITED STATES DISTRICT COURT, DISTRICT OF KANSAS
KANSAS CITY, KANSAS

| | |
|---|---|
| **ANGELA PAGE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BWW RESOURCES, LLC** | )   Case No. |
| **AND ITS REPRESENTATIVES** | ) |
| **Please serve at:** | ) |
| 1100 SW Wanamaker Road | ) |
| Suite 103 | ) |
| Topeka, KS 66604 | ) |
| Registered Agent: Corporation | ) |
| Service Company | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Angela Page ("Plaintiff"), by and through the undersigned counsel to seek redress for harm suffered as a result of the conduct of Defendant BWW Resources, LLC and its Representatives.

## PARTIES

1. Plaintiff is a resident of the State of Kansas and was employed by Defendant BWW Resources, LLC and its Representatives ("Defendant") at all times relevant to this Complaint.

2. Defendant is a limited liability company with its principal place of business in Atlanta, Georgia. Defendant is authorized to and conducts business in the state of Kansas, and employs more than 15 employees.

3. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

1

## JURISDICTION AND VENUE

4. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. As such, Plaintiff has presented a federal question and the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claim occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination with the Kansas Human Rights Commission ("KHRC") alleging sex discrimination and retaliation. That charge was dual filed with the Equal Employment Opportunity Commission ("EEOC").

7. The EEOC issued Plaintiff a Notice of Right to Sue on or about June 17, 2025, and Plaintiff files this action within 90 days of receiving that notice. *See Exhibit A.*

## FACTS COMMON TO ALL COUNTS

8. Plaintiff began working at a Buffalo Wild Wings restaurant owned and operated by Defendant in Lawrence, Kansas in February of 2023.

9. Prior to working at the Lawrence location, Plaintiff worked for a Buffalo Wild Wings restaurant located in Olathe, Kansas from 2018 to 2020.

10. During Plaintiff's tenure at the Lawrence location, a man named Shawn Coverson assumed the role of General Manager of the restaurant.

11. Mr. Coverson then began regularly hugging and touching Plaintiff in ways which made her uncomfortable, including instructing her to hug Mr. Coverson in a way that ensured both of Plaintiff's breasts touched him.

2

12. Mr. Coverson also sent Ms. Page multiple inappropriate text messages.

13. On or about May 30, 2024, Shawn Renner, a district manager for Defendant, visited the Lawrence restaurant location.

14. During Mr. Renner's visit, he asked another restaurant employee to point out Plaintiff so he could speak with her.

15. In a conversation with Plaintiff which lasted roughly 45 minutes, Mr. Renner communicated to Plaintiff that other store employees had submitted complaints about Mr. Coverson's conduct and Mr. Renner was there to investigate those complaints.

16. In the same conversation, Plaintiff communicated to Mr. Renner that she had experienced inappropriate gestures, acts, and comments from Mr. Coverson in a similar manner to the other complaints Mr. Renner received.

17. Shortly after the meeting, Plaintiff sent Mr. Renner multiple photos documenting the unwanted conduct she had faced from Mr. Coverson.

18. Plaintiff also communicated to Mr. Renner via text message her fear that their conversation would be communicated to Mr. Coverson and in turn used against her or otherwise cause her to be retaliated against at work.

19. Mr. Renner responded to Plaintiff's concern by stating: "Absolutely will no [sic] and needs to be brought to my attention immediately if so. But I don't expect that happening."

20. From the time of Plaintiff and Mr. Renner's meeting until on or about June 5, 2024, Mr. Coverson was not working at the Lawrence restaurant location.

21. Seven days after Plaintiff and Mr. Renner's meeting, on or about June 6, 2024, Mr. Coverson returned to the restaurant and sought out Plaintiff to discuss her report to Mr. Renner and the supposedly false allegations he said it contained.

22. During the June 6, 2024 meeting between Plaintiff and Mr. Coverson, which Plaintiff recorded on her cell phone, Mr. Coverson made several comments which Plaintiff believed to be threatening.

23. Mr. Coverson stated that Plaintiff was "a huge part of it", seemingly referring to the investigation into his conduct.

24. Mr. Coverson further stated that "All the talk around this restaurant has to stop."

25. Mr. Coverson further stated that he does not "hold grudges."

26. Mr. Coverson further stated that his remarks were "not a threat."

27. Despite those claims, Plaintiff only worked one other shift at the restaurant following the meeting with Mr. Coverson.

28. Plaintiff was, for all intents and purposes, removed from the regular work schedule at the restaurant.

29. The one shift Plaintiff worked was over a month later, on July 15, 2024, and was a shift she took over from another bartender, not one which restaurant management had scheduled her to work.

30. During the July 15, 2024 shift, Mr. Coverson and Mr. Renner asked Plaintiff to speak with them at a table at the restaurant.

31. Mr. Renner asked Plaintiff not to record the conversation.

32. Mr. Renner and Mr. Coverson then informed Plaintiff she was being suspended, effective immediately, for allegedly breaking a restaurant policy against employees sitting at the restaurant bar while off the clock on June 29, 2024.

33. Seven days later, on July 22, Mr. Renner called Plaintiff from an unknown number and terminated her employment with the restaurant.

34. No written documentation of Plaintiff's termination was provided.

35. Plaintiff is aware of no negative feedback or reviews she received as an employee prior to reporting Mr. Coverson's harassing conduct.

36. The stated reason for Plaintiff's termination – drinking at the restaurant bar while off the clock – is merely pretext.

37. Following her termination, Plaintiff received photographic evidence from other Buffalo Wild Wings employees of workers at other locations managed by Mr. Renner drinking at their respective restaurant bars *while in uniform*.

38. To the best of Plaintiff's knowledge and belief, no employee in those photographs faced any discipline or adverse employment action.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

40. Defendant, through its agent Shawn Coverson, subjected Plaintiff to unwelcome sexual harassment that was severe and pervasive enough to alter the conditions of her employment and create a hostile or abusive work environment in violation of Title VII, 42 U.S.C. § 2000e-2(a).

41. Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

42. Plaintiff was a member of a protected class.

43. Plaintiff suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination.

5

44. Plaintiff's gender was a motivating factor in the discriminatory treatment and hostile environment she endured.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant for compensatory damages in the amount of $300,000, for attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), for costs, and for such other and further relief as it deems fair and equitable under the circumstances.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff engaged in protected activity by reporting sexual harassment to Defendant.

48. Defendant then took materially adverse employment actions against Plaintiff, including but not limited to: a near-complete reduction in hours, suspension, and termination.

49. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

50. Defendant's conduct constitutes unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

51. As a direct and proximate result of this retaliation, Plaintiff has suffered economic loss, mental anguish, and other compensable harm.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant for compensatory damages in the amount of $300,000, for attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), for costs, and for such other and further relief as it deems fair and equitable under the circumstances.

## **DEMAND AND DESIGNATION FOR JURY TRIAL**

Demand is hereby made for trial by jury in this case with the location designated in Kansas City, Kansas.

Date: June 24, 2025

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

*/s/ Conner Mitchell*
Barry R. Grissom, #10866
Conner Mitchell, D. Kan #79215
Jake Miller, #28337
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Plaintiff*

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St Louis District Office
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A and 161-B)

Issued On: 06/17/2025

**To:** Angela Page
14807 S. Houston St.
Olathe, KS 66061

**Re:** Angela Page v. BWW Resources LLC
EEOC Charge Number: 28D-2025-00037

EEOC Representative and email:   Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis  6/17/2025
David Davis
District Director

cc:   Christopher Harris                      Barry Grissom
Senior Employment Counsel          Grissom Miller Law Firm, LLC
BWW Resources, LLC                  1600 Genessee Street, Suite 460
3 Glenlake Parkway                       Kansas City, MO 64102
Atlanta, GA 30328

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.