IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANGELA PAGE,**

                    Plaintiff,

        vs.

**BWW RESOURCES, LLC AND ITS
REPRESENTATIVES,**

                    Defendant.

Case No. 2:25-cv-02339-JWB-GEB

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, BWW Resources, LLC, for its Answer to Plaintiff's Complaint, states:

### PARTIES

1.        Answering Paragraph 1, Defendant admits Plaintiff is a resident of Kansas upon information and belief. Defendant further admits Plaintiff was employed by Defendant from October 11, 2018 to August 1, 2020 and from February 17, 2023 to July 22, 2024. Defendant denies the remaining allegations.

2.        Admitted.

3.        Admitted.

### JURISDICTION AND VENUE

4.        Answering Paragraph 4, Defendant admits this Court has federal question jurisdiction over this matter but denies any remaining allegations and implications.

5.        Answering Paragraph 5, Defendant admits this Court is a proper venue, but denies any remaining allegations and implications.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Answering Paragraph 6, Defendant admits Plaintiff dually filed a Charge of discrimination and that the Charge speaks for itself. Defendant denies any remaining allegations and implications.

7.      Admitted.

## FACTS COMMON TO ALL COUNTS

8.      Answering Paragraph 8, Defendant admits that Plaintiff began working for Defendant at a Buffalo Wild Wings restaurant in Lawrence, Kansas in February of 2023. Defendant denies any remaining allegations and implications.

9.      Admitted.

10.     Admitted.

11.     Denied.

12.     Denied.

13.     Admitted.

14.     Denied.

15.     Answering Paragraph 15, Defendant admits Mr. Renner spoke with Plaintiff for approximately 20 minutes and that Mr. Renner was at the restaurant to investigate complaints. Defendant denies any remaining allegations.

16.     Answering Paragraph 16, Defendant admits Plaintiff complained about sexual harassment. Defendant denies any remaining allegations.

17.     Answering Paragraph 17, Defendant admits Plaintiff sent Mr. Renner photographs, which speak for themselves. Defendant denies any remaining allegations.

18.     Answering Paragraph 18, Defendant admits Plaintiff sent Mr. Renner a text message which speaks for itself. Defendant denies any remaining allegations.

19.     Answering Paragraph 19, Defendant admits Mr. Renner responded to Plaintiff's text message, and the text speaks for itself. Defendant denies any remaining allegations.

20.     Answering Paragraph 20, Defendant admits Mr. Coverson did not work between May 25, 2024 and June 4, 2024. Defendant denies any remaining allegations.

21.     Answering Paragraph 21, Defendant admits Mr. Coverson spoke to Plaintiff at the restaurant on or about June 6, 2024. Defendant denies the remaining allegations.

22.     Answering Paragraph 22, Defendant admits, upon information and belief, that Plaintiff used her cell phone to record a conversation between herself and Mr. Coverson on or about June 6, 2024. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

23.     The allegations in Paragraph 23 refer to a recording which speaks for itself. Defendant denies any allegations that are inconsistent with that recording.

24.     The allegations in Paragraph 24 refer to a recording which speaks for itself. Defendant denies the allegations and implications that are inconsistent with the recording.

25.     The allegations in Paragraph 25 refer to a recording which speaks for itself. Defendant denies the allegations and implications that are inconsistent with that recording.

26.     The allegations in Paragraph 26 refer to a recording which speaks for itself. Defendant denies the allegations and implications that are inconsistent with that recording.

27.     Answering Paragraph 27, Defendant admits Plaintiff worked one other shift after the meeting with Mr. Coverson. Defendant denies the implication that Plaintiff was not scheduled for additional shifts and any other remaining allegations.

28.     Denied.

29.    Answering Paragraph 29, Defendant admits Plaintiff worked a shift on July 15, 2024, which she took from another bartender. Defendant denies any other remaining allegations.

30.    Admitted.

31.    Admitted.

32.    Answering Paragraph 32, Defendant admits Mr. Renner and Mr. Coverson informed Plaintiff she was being suspended for breaking restaurant policy. Defendant denies the remaining allegations.

33.    Answering Paragraph 33, Defendant admits Mr. Renner informed Plaintiff of her termination on July 22, 2024. Defendant denies the remaining allegations and implications.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore, denies the same.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore, denies the same.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

39.    Defendant incorporates its responses to Paragraphs 1-38 as if fully set forth herein.

40.    Denied.

41.    Denied.

42.    Admitted.

43.    Denied.

44. Denied.

45. Denied.

To the extent the WHEREFORE clause contains any allegations requiring a response, Defendant denies them. Defendant denies any allegations not expressly admitted herein, and denies Plaintiff is entitled to any of the relief she seeks.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

46. Defendant incorporates its responses to Paragraphs 1-45 as if fully set forth herein.

47. Admitted.

48. Answering Paragraph 48, Defendant admits Plaintiff was suspended and discharged for violating company policy. Defendant denies the remaining allegations in Paragraph 48.

49. Denied.

50. Denied.

51. Denied.

To the extent the WHEREFORE clause contains any allegations requiring a response, Defendant denies them. Defendant denies any allegations not expressly admitted herein, and denies Plaintiff is entitled to any of the relief she seeks.

## DEMAND AND DESIGNATION FOR JURY TRIAL

Defendant denies Plaintiff is entitled to a jury trial as Plaintiff has expressly waived her right to a jury in writing. Defendant intends to file a Motion to Strike Plaintiff's Jury Demand.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation in Plaintiff's Complaint unless specifically admitted above.

2.      In conjunction with her employment, Plaintiff executed an agreement to arbitrate all disputes with Defendant.

3.      Defendant denies that it engaged in any wrongful conduct and denies that Plaintiff is entitled to any legal or equitable relief.

4.      Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

5.      The actions about which the Plaintiff complains were based on reasonable factors other than characteristics protected by applicable law. Specifically, Defendant did not make employment decisions based on Plaintiff's sex or alleged protected activity.

6.      Defendant had legitimate business reasons for its decisions, and the actions about which the Plaintiff complains would have been the same absent any impermissible consideration.

7.      Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful discrimination, harassment, and/or retaliation, and Plaintiff unreasonably failed to take advantage of any corrective or preventive opportunities or otherwise failed to avoid harm.

8.      Plaintiff's claims are barred to the extent Plaintiff has failed to mitigate allegedly sustained damages because of conduct by Defendant. In the alternative, Defendant is entitled to an offset in the amount of Plaintiff's mitigation.

9.      Defendant acted in good faith toward Plaintiff and in compliance with all applicable laws, including adopting and enforcing policies to effectuate the same, therefore Plaintiff is not entitled to an award of punitive damages against Defendant.

10.     Defendant did not act with malice, evil motive, or reckless indifference to Plaintiff's rights, and therefore, Plaintiff is not entitled to an award of punitive damages.

11.    Any claim by Plaintiff for punitive damages is contrary to the law and constitutional provisions and any award of punitive damages against Defendant would violate Defendant's Due Process rights under the Kansas and/or United States Constitutions.

12.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of after acquired evidence.

13.    Plaintiff's claim fails because any alleged action or failure to act on the part of Defendant was not the proximate cause of any injuries to Plaintiff.

14.    Plaintiff's claims are barred to the extent they are the subject of any bankruptcy proceedings or adjudication.

15.    Plaintiff's alleged damages are barred to the extent Plaintiff seeks to recover damages in excess of the type(s) and amount(s) allowed or provided by applicable law (including applicable statutory caps).

16.    Defendant reserves the right to assert additional defenses and affirmative defenses.

WHEREFORE, having fully answered, Defendant respectfully requests the Court dismiss Plaintiff's Complaint and order such other relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Jeannie M. DeVeney*
Jeannie M. DeVeney, KS #17445
Direct: 816.627.4405
E-Fax: 816.817.1453
jdeveney@littler.com
Abbey M.B. Lee, KS #28738
Direct: 816.627.4409
E-Fax: 816.627.4444
ablee@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2025, the above and foregoing was filed using the Court's

CM/ECF system, which sent notice of same to the following counsel of record:

Barry R. Grissom
Conner Mitchell
Jake Miller
GRISSOM MILLER LAW FIRM, LLC
1600 Genessee Street, Suite 460
Kansas City, MO 64102
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeannie M. DeVeney*
**ATTORNEY FOR DEFENDANT**