IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANGELA PAGE,**<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**BWW RESOURCES, LLC AND ITS REPRESENTATIVES,**<br><br>　　　　　Defendant. | Case No. 2:25-cv-02339-JWB-GEB |

## **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Defendant, BWW Resources, LLC, respectfully moves the Court to enter an order striking Plaintiff Angela Page's jury demand in her Complaint (Doc. 1). In support of this Motion, Defendant states:

1. Plaintiff filed her Complaint on June 24, 2025, asserting claims of sex discrimination, hostile work environment, and retaliation. (*See* Doc. 1).

2. In the Complaint, Plaintiff demanded a jury trial. (*See id.* at p. 7). Plaintiff's jury demand should be stricken as she previously signed a jury waiver. *See* Declaration of Kimberly Smith ("Smith Decl.) at Exhibit 1, ¶ 2, 18.

3. Plaintiff signed Defendant's Employment Arbitration of Disputes Program and Arbitration Agreement (the "Agreement") on February 17, 2023. *See* Exhibit 1 to Smith Decl.

4. By signing the Agreement, Plaintiff waived her right to a jury.

5. The Agreement expressly provides: "**IN AGREEING TO ARBITRATE CLAIMS, YOU AND THE COMPANY MUTUALLY AGREE TO WAIVE THE RIGHT TO HAVE COVERED DISPUTES DECIDED BY A JUDGE OR JURY.**" *Id.* at ¶ 2 (emphasis in original).

6. The Agreement applies to these types of claims:

> [A]ny dispute or claim of any kind or nature between you and any of the applicable Company Entities arising out of, related to, or in connection with any aspect of your application and selection for employment, employment with the Company or its termination, including but not limited to claims for … discrimination, harassment or retaliation in violation of Title VII of the Civil Rights Act of 1964.

*Id*. at ¶ 2.

7. Although the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") limits the use of predispute arbitration agreements and class action waivers covering sexual assault and sexual harassment claims, the EFAA does not address jury waivers, which unlike mandatory arbitration clauses do not restrict an employee's right to avail themselves of the court system. *See* 9 U.S.C.A § 402.

8. The Agreement further provides that, if a claim cannot be arbitrated, Plaintiff and Defendant still waive their right to a jury:

> If the provisions of this Agreement requiring arbitration of disputes between you and the Company are found to be invalid, unenforceable or void, then **TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, BOTH YOU AND THE COMPANY EXPRESSLY AGREE TO WAIVE ANY RIGHT TO SEEK OR DEMAND A JURY.**

*See* Exhibit 1 to Smith Decl. at ¶ 18.

9. Therefore, the Agreement provides that Plaintiff waived her right to a jury for claims related to her employment – whether through litigation or arbitration.

10. Courts have the authority to enforce jury waiver provisions in contracts where the parties have agreed to waive the right to trial by jury. *See Telum, Inc., v. E.F. Hutton Credit Corp.,* 859 F.2d 835, 837 (10th Cir. 1988); s*ee also Moreno v. Quest Corp.,* No. 13-CV-00103-RM-MEH, 2013 WL 2444720, at *2-3 (D. Colo. June 5, 2013) (striking Plaintiff's jury demand in a Title VII case).

11. To determine whether a jury trial waiver is knowing and voluntary, courts consider: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate the contract terms. *Walker v. SC Realty Services., Inc.,* No. 15-cv-09932-JAR-TJJ, 2016 WL 4245487 at *2 (D. Kan. Aug. 11, 2016) (citations omitted).

12. The jury trial waiver executed by Plaintiff was conspicuous and clear. It is in bold, capital letters on the first and fourth pages and conspicuously provides that by signing, Plaintiff waives her right to a jury. *See Moreno v. Quest Corp.,* No. 13-cv-00103-RM-MEH, 2013 WL 2444720 at *3 (D. Colo. June 5, 2013).

13. Plaintiff chose to sign the Agreement and waive her right to a jury trial. The claims asserted in this case relate to Plaintiff's employment, and the jury trial waiver applies to the claims. Thus, Plaintiff's claims against Defendant should proceed before the Court as a bench trial.

14. Defendant's counsel conferred with Plaintiff's counsel before filing this Motion, and Plaintiff's counsel indicated Plaintiff would not consent to this Motion.

15. For the foregoing reasons, this Court should strike Plaintiff's jury demand because Plaintiff has agreed to waive her right to a trial by jury for claims brought in her Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Strike Plaintiff's Jury Demand and order that Plaintiff's jury demand be stricken and for such other and further relief the Court deems just and proper.

        Respectfully submitted,

        */s/ Jeannie M. DeVeney*
        Jeannie M. DeVeney, KS #17445
        Direct: 816.627.4405
        E-Fax: 816.817.1453
        jdeveney@littler.com
        Abbey M.B. Lee, KS #28738
        Direct: 816.627.4409
        E-Fax: 816.627.4444
        ablee@littler.com
        LITTLER MENDELSON, P.C.
        1201 Walnut Street, Suite 1450
        Kansas City, MO  64106

        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record:

Barry R. Grissom
Conner Mitchell
Jake Miller
GRISSOM MILLER LAW FIRM, LLC
1600 Genessee Street, Suite 460
Kansas City, MO 64102
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

    **ATTORNEYS FOR PLAINTIFF**

        */s/ Jeannie M. DeVeney*
        **ATTORNEY FOR DEFENDANT**