Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANGELA PAGE,**

      Plaintiff,

vs.

**BWW RESOURCES, LLC AND ITS REPRESENTATIVES,**

      Defendant.

Case No. 2:25-cv-02339-JWB-GEB

## DECLARATION OF KIMBERLY SMITH

I, Kimberly Smith, do hereby declare and state as follows:

1. I am older than the age of 18 and competent to make this Declaration.

2. I am a Senior Human Resources Business Partner for BWW Resources, LLC ("BWW"). In that role and in the regular course of business, I have access to and do access employees' personnel files, including the personnel files of Angela Page.

3. I am also knowledgeable about BWW's policies, including its policies related to arbitration agreements and jury waivers. If called upon to do so, I could and would testify completely as to the information contained herein.

4. As a Senior Human Resources Business Partner, I am familiar with the corporate structure of BWW, and have access to information and reports maintained and generated in the ordinary course of business concerning its operations, and I have access, either directly or indirectly, to these business and corporate records. In the ordinary course of business, I periodically refer to them.

5. BWW is the direct employer for company-owned (non-franchised) Buffalo Wild Wings branded restaurants throughout the United States.

1

6.      As reflected in Ms. Page's personnel file and payroll records, Ms. Page most recently worked for BWW at its location in Lawrence, Kansas, beginning on February 17, 2023.

7.      As is standard for all employees at the Lawrence location, Ms. Page received a copy of BWW's Employment Arbitration of Disputes Program and Arbitration Agreement ("Arbitration Agreement") for review and execution as part of BWW's onboarding process. A copy of the Arbitration Agreement signed by Ms. Page is attached hereto as **Exhibit 1.**

8.      Based on my knowledge of BWW's procedures and review of Ms. Page's personnel file, Ms. Page was provided BWW's arbitration policy and agreement, among other new hire documents, during her onboarding process via BWW's Workday platform.

9.      Ms. Page was asked to review and electronically sign these documents. At all relevant times, Ms. Page was given an opportunity to review the materials, and to ask questions of her manager and/or Human Resources. When her signature was added, her name and Time/Date stamp populated onto the document.

10.     Using BWW's Workday platform, Ms. Page signed the company's Electronic Signature Consent/Acknowledgment on February 17, 2023, at 08:26 P.M. Central time. Using the same platform via E-sign by Adobe sign, Ms. Page also signed the company's Arbitration Agreement on February 17, 2023, at 8:26 P.M. Central time.

11.     A portion of BWW's Workday Employee Profile for Ms. Page is attached as **Exhibit 2** and shows exactly what time and date Ms. Page signed the Arbitration Agreement, and other new hire documents in her Workday account.

12.     BWW's system tracks user sign-ons and log-offs, which are password protected and ensure that the relevant documents can only be accessed using the individual's unique

Workday password. No one else at BWW, its parent company, or any other subsidiary, could access and sign the relevant documents.

**PURSUANT TO 28 U.S.C § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on the 1st day of August, 2025.

*Kim Smith*

Kimberly Smith

# Inspire Page Declaration Kim Smith 4926-9472-5465 1

Final Audit Report  2025-08-01

| | |
|---|---|
| Created: | 2025-08-01 |
| By: | Derek Ensminger (densminger@inspirebrands.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA3aWsJoMtuj2VfEx1eaQnSVYsMrxZIG3u |

## "Inspire Page Declaration Kim Smith 4926-9472-5465 1" History

- 📄 Document created by Derek Ensminger (densminger@inspirebrands.com)
  2025-08-01 - 6:37:36 PM GMT- IP address: 165.225.36.194

- ✉️ Document emailed to Kimberly Smith (ksmith4@inspirebrands.com) for signature
  2025-08-01 - 6:38:26 PM GMT

- 📄 Email viewed by Kimberly Smith (ksmith4@inspirebrands.com)
  2025-08-01 - 6:44:52 PM GMT- IP address: 104.47.58.254

- ✍️ Document e-signed by Kimberly Smith (ksmith4@inspirebrands.com)
  Signature Date: 2025-08-01 - 6:45:17 PM GMT - Time Source: server- IP address: 170.85.10.208

- ✅ Agreement completed.
  2025-08-01 - 6:45:17 PM GMT

**Adobe Acrobat Sign**

# Exhibit 1

# EMPLOYMENT ARBITRATION OF DISPUTES PROGRAM
# AND MUTUAL ARBITRATION AGREEMENT

**Please read this document carefully. It describes how covered disputes between you and the Company, if any, will be handled. By accepting employment, or continuing to work for the Company for 30 days after receipt of this Arbitration Agreement ("Agreement"), you are agreeing to the terms of this Agreement, whether or not you sign this Agreement. Signing below also shows your agreement to this Agreement.**

## EMPLOYMENT ARBITRATION OF DISPUTES PROGRAM

The Company encourages you to raise any issues with your employment promptly and to try to resolve them with the help of your supervisor, another manager, or the Human Resources Department. In the event that does not occur, the Company has adopted a program for resolving disputes with employees through arbitration, rather than the court system, in order to provide employees and the Company with an efficient and conclusive method to resolve most employment-related disputes.

Arbitration is a private, process in which parties submit their disputes to an impartial arbitrator authorized to resolve the controversy by making a final and binding decision called an Award. Some of the features that arbitration can provide include:

- involvement in choosing the decision-maker;
- appointment of a single arbitrator who will make all decisions in the case from start to finish;
- the ability to select from a panel of neutrals with expertise in the particular subject matter of the disputes;
- more informal procedures; and
- very limited grounds for appeal, resulting in finality sooner.

## EMPLOYMENT ARBITRATION AGREEMENT

- In consideration of your employment or continued employment with **BWW USA BWW Resources LLC** (the "Company"), the separate and/or additional consideration of mutual promises to arbitrate, and other good and valuable consideration, the parties agree to the following terms of this Agreement.

1. "Company Entities" includes the Company and its past, present and future parent entities (direct or indirect), subsidiaries (direct or indirect), affiliates, legal successors, predecessors, assigns, businesses, investors, as well as the owners, directors, officers, managers, members, shareholders, principals, employees and agents of same.

2. Except as otherwise provided in this Agreement, any dispute or claim of any kind or nature between you and any of the applicable Company Entities arising out of, related to, or in connection with any aspect of your application and selection for employment, employment with the Company or its termination, including but not limited to claims for breach of contract, negligence, defamation, trade secrets, unfair competition, alleged unpaid wages or other wage payment or compensation-related claims, discrimination, harassment or retaliation in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Americans With Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act, the Fair Credit Reporting Act, or any other federal, state or local law, will be settled by final and binding arbitration conducted by a single, neutral arbitrator. **IN AGREEING TO ARBITRATE CLAIMS, YOU AND THE COMPANY MUTUALLY AGREE TO WAIVE THE RIGHT TO HAVE COVERED DISPUTES DECIDED BY A JUDGE OR JURY.** This Agreement applies to all covered disputes or claims that arose before and/or after this Agreement went into effect, and survives the termination of your employment and the expiration of any benefit.

The arbitrator, and not any court, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability, or waiver of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable. However, the preceding sentence does

1

not apply to the Class and Collective Action Waivers or California Private Attorneys General Act Individual Action Requirement below. Notwithstanding any other language in this Agreement and/or any rules or procedures that might otherwise apply by virtue of this Agreement (including without limitation the AAA Rules discussed below) or any amendments and/or modifications to those rules, any claim that all or part of the Class and Collective Action Waivers or California Private Attorneys General Act Individual Action Requirement are unenforceable, inapplicable, unconscionable, or void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator.

3. This Agreement does not apply to: (i) claims for workers' compensation benefits, state disability insurance and unemployment insurance benefits; however, it applies to discrimination or retaliation claims based upon seeking or receiving such benefits; and (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration.

   Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a governmental agency, including without limitation, the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities and Exchange Commission, National Labor Relations Board, Occupational Safety and Health Administration, Office of Federal Contract Compliance Programs, or law enforcement agencies, and nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from exhausting administrative remedies by filing any charges or complaints required by any governmental agency before bringing a claim in arbitration.

4. The arbitration will be administered by the American Arbitration Association ("AAA") under its Employment Arbitration Rules (including the Optional Rules for Emergency Measures of Protection); provided however, if there is a conflict between the AAA Rules and this Agreement, this Agreement will govern. These rules are available on the AAA's website located at: www.adr.org/Rules or by calling 1-800-778-7879. The parties may agree to select an arbitrator by a different method than the procedure in the Employment Arbitration Rules.

   Arbitration must be initiated by sending a written demand for arbitration stating a description of the claim(s) and the remedy sought to the other party, with a copy sent to: American Arbitration Association, Case Filing Services, 1101 Lauren Oak Road, Suite 100, Voorhees, NJ 08043, or submitted online to AAA, within the time limit established by the applicable substantive law's statute of limitations. If you wish to make a demand for arbitration, you should submit it to the Inspire Brands Human Resources Department. If Company makes a demand against you, it will submit it to you at the address you last provided to the Company. A copy of the AAA's current form of Demand for Arbitration can be found on the AAA website at www.adr.org/sites/default/files/Employment_Demand_Form.pdf. The arbitrator will resolve all disputes regarding the timeliness and propriety of the demand for arbitration.

5. Arbitration will take place in the metropolitan area where you are or were last employed by the Company, unless prohibited by applicable law. The parties may agree to another location for the arbitration.

6. If the Company initiates an arbitration claim, it will pay for the arbitrator's fees and other forum costs charged by AAA. If you initiate an arbitration claim, you will pay an arbitration filing fee (currently $300) to AAA when the claim is filed, unless you qualify for a waiver, reduction or deferral of fees based on financial hardship; the Company will pay for the arbitrator's fees and all other arbitration forum costs charged by AAA.

7. Discovery in the arbitration will presumptively be limited to three (3) depositions (including experts), ten (10) interrogatories (including subparts), and twenty (20) document requests (including subparts) by or to each party. The arbitrator will have the authority to order such further discovery upon the request of either party as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

8. In considering the relevancy, materiality, and admissibility of evidence, the arbitrator shall take into account, among other things, applicable principles of legal privilege, including the attorney-client privilege, the work product doctrine, the self-evaluative privilege, and appropriate protection of the Company's or any applicable Company Entity's trade secrets, personnel records, and other confidential or proprietary information.

9. The parties shall be entitled to file dispositive motions as to any and all claims.

10. The arbitrator shall have the same power and authority as would a court to grant any relief available in a party's individual capacity under applicable law, including costs and attorney's fees, in conformance with applicable principles of federal or state decisions and statutory law. The arbitrator shall issue an award in writing and state the essential findings and conclusions on which the award is based. Judgment on the award issued by the arbitrator may be entered in any court having jurisdiction.

11. If a party files a lawsuit in court to resolve claims subject to arbitration, both parties agree that the court shall dismiss or stay the lawsuit and require that the claims be resolved through arbitration as provided herein.

12. Either party may apply to the arbitrator seeking injunctive relief until the arbitration award is rendered or the controversy is otherwise resolved. Either party also may, without waiving the agreement to arbitrate or any remedy under this Agreement, seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of that party, pending the appointment of the arbitrator or pending the arbitrator's determination of the merits of the controversy.

13. **Class and Collective Action Waivers.** The Company and you agree to bring any claim on an individual basis and not as a class or collective action. Accordingly,

    (a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). The Class Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction – not in arbitration.

    (b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Collective Action Waiver"). Further, you agree to waive your right to notice of any pending collective action, given the parties' agreement to individually arbitrate such claims. The Collective Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction – not in arbitration.

14. **California Private Attorneys General Act ("PAGA") Individual Action Requirement**. The Company and you agree to arbitrate PAGA claims on an individual basis only. Therefore, any claim by you under PAGA to recover statutory penalties, or any other individual relief must be arbitrated under this Agreement. The Arbitrator is without authority to preside over any PAGA claim by you on behalf of any other person or joined by or consolidated with another person's PAGA claim. This PAGA Individual Action Requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable. In such case, the PAGA action must be litigated in a civil court of competent jurisdiction—not in arbitration—but the portion of the PAGA Individual Action Requirement that is enforceable will be enforced in arbitration.

15. The parties expressly acknowledge and agree that this Agreement involves interstate commerce and the interpretation and enforcement of the arbitration provisions herein will be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. To the extent the Federal Arbitration Act is inapplicable, this Agreement shall be governed by the arbitration law of the state where Employee primarily performed services for the Company. In deciding the merits of the dispute, the arbitrator will apply the substantive law of the forum in which the arbitration occurs if the parties have not elsewhere designated another choice of law.

16. New employees must sign this Agreement as a condition of employment.  **CONTINUING YOUR NEW OR ONGOING EMPLOYMENT FOR 30 DAYS AFTER RECEIPT OF THIS AGREEMENT CONSTITUTES YOUR CONSENT TO THIS AGREEMENT WHETHER OR NOT YOU SIGN IT.**

17. The Company Entities (other than the Company) are express third-party beneficiaries of this Agreement and may enforce this Agreement.

18. If the provisions of this Agreement requiring arbitration of disputes between you and the Company are found to be invalid, unenforceable or void, then **TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, BOTH YOU AND THE COMPANY EXPRESSLY AGREE TO WAIVE ANY RIGHT TO SEEK OR DEMAND A JURY TRIAL AND AGREE TO HAVE ANY DISPUTE DECIDED SOLELY BY A JUDGE OF THE COURT.**

19. Nothing in this Agreement modifies the at will nature of your employment with the Company.  You and the Company each retain the right to terminate the employment relationship at any time, with or without cause, absent a signed, written agreement to the contrary.

20. This Agreement may be modified, in whole or in part, or terminated by the Company only after the Company provides at least 14 days' written notice of the modification or termination, and such modification or termination shall be prospective only and will not apply to any claims or disputes already asserted by you and/or pending in arbitration.  The Agreement in effect at the time a claim is filed by a party will govern the process by which the claim is determined.

21. This Agreement represents the entire agreement and understanding between you and the Company regarding the subject matter covered herein.  This Agreement supersedes all prior understandings and agreements between the parties on the covered subject matter.

COMPANY

By *Kristen Winslow*
Its:  VP, Enterprise HR


AGREED and ACCEPTED on  Feb 17, 2023

Employee Signature                                      Print Employee Name

*Angela L Page (Feb 17, 2023 20:26 CST)*            **Angela L Page**

4

Exhibit 2

INSPIRE.

View Worker: Angela Page (Terminated) (100366423)

01:18 PM
10/23/2024
Page 27 of 30

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement | Uploaded Document |
|---|---|---|---|---|---|---|---|
| Acceptable Use Policy | 01/01/1900 | Acceptable Use Policy 2019.pdf | Acknowledgment | Angela Page (Terminated) (100366423) | 03/08/2023 11:29:46 AM | I hereby acknowledge receipt of the Acceptable Use Policy. I agree and represent that I have read this Acceptable Use Policy in its entirety and agree that if there is any provision that I do not understand, I shall seek clarification from my Human Resources Business Partner. I understand that the Acceptable Use Policy can be changed or discontinued at any time, with or without advance notice. I understand and shall comply with the Acceptable User Policy and acknowledge that violating this policy shall subject me to disciplinary action up to and including termination. | |
| Inspire Brands Respect Policy | 01/07/2022 | Inspire Brands Respect Policy.pdf | Acknowledgment | Angela Page (Terminated) (100366423) | 03/08/2023 11:29:46 AM | I hereby acknowledge receipt of the Inspire Respect Policy. I agree and represent that I have read this Inspire Respect Policy in its entirety and agree that if there is any provision that I do not understand, I shall seek clarification from my Human Resources Business Partner. I understand that the Inspire Respect Policy can be changed or discontinued at any time, with or without advance notice. I understand and shall comply with the Inspire Respect Policy and acknowledge that violating this policy shall subject me to disciplinary action up to and including termination. | |
| Inspire Anti Harassment Policy | 01/01/1900 | Anti Harassment -2019.pdf | Acknowledgment | Angela Page (Terminated) (100366423) | 03/08/2023 11:29:46 AM | I hereby acknowledge receipt of the Inspire Anti Harassment Policy. I agree and represent that I have read this Inspire Anti Harassment Policy in its entirety and agree that if there is any provision that I do not understand, I shall seek clarification from my Human Resources Business Partner. I understand that the Inspire Anti Harassment Policy can be changed or discontinued at any time, with or without advance notice. I understand and shall comply with the Inspire Anti Harassment Policy and acknowledge that violating this policy shall subject me to disciplinary action up to and including termination. | |
| E-sign authorization acknowledgement | 11/09/2021 | Electronic Communication Consent and Employee Data Acknowledgment.pdf | E-sign by Adobe Sign | Angela Page (Terminated) (100366423) | 02/17/2023 08:26:33 PM | | E-sign authorization acknowledgement_uploaded |

INSPIRE.

View Worker: Angela Page (Terminated) (100366423)

01:18 PM
10/23/2024
Page 28 of 30

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement | Uploaded Document |
|---|---|---|---|---|---|---|---|
| Arbitration Agreement - BWW | 09/26/2022 | Employee Arbitration Agreement Form - August 2022 BWW Resources.pdf | E-sign by Adobe Sign | Angela Page (Terminated) (100366423) | 02/17/2023 08:26:33 PM | | Arbitration Agreement - BWW_uploaded |

### Generated Documents

| Document | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|
| Wage Theft Prevention 2023-02-17.pdf | Acknowledgment | Angela Page (Terminated) (100366423) | 02/17/2023 08:25:02 PM | I hereby acknowledge receipt of the Inspire Wage Theft Form. I agree and represent that I have read this Inspire Wage Theft Form in its entirety and agree that if there is any provision that I do not understand, I shall seek clarification from my Human Resources Business Partner. I understand that the Inspire Wage Theft Form can be changed or discontinued at any time, with or without advance notice. I understand and shall comply with the Inspire A Wage Theft Form and acknowledge that violating this policy shall subject me to disciplinary action up to and including termination. |

## Performance
### Disciplinary Actions
#### Completed

| Review | Review Period Start Date | Review Period End Date | View Review |
|---|---|---|---|
| Termination Record: Angela Page (Terminated) (100366423) | 06/29/2024 | 07/22/2024 | |

### Feedback Received
#### Feedback Received

| Actions | Date | From | Feedback |
|---|---|---|---|

### Feedback Given

| Date | About | Feedback Given | Type | Show Feedback Provider's Name? |
|---|---|---|---|---|
| | | Feedback | | |

### Feedback Requested
#### Feedback Requested

| | Question | Type | Status | Request Date | From | Feedback | Relates To |
|---|---|---|---|---|---|---|---|

## Career