Rev. 1/6/2023

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA PAGE, | |
| Plaintiff, | |
| v. | Case No. 25-2339-JWB-GEB |
| BWW RESOURCES, LLC AND ITS REPRESENTATIVES, | |
| Defendant. | |

## SCHEDULING ORDER

On **October 6, 2025,** the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Angela Page appeared through counsel Conner Mitchell, by phone. Defendant BWW Resources, LLC, and its Representatives appeared through counsel Abbey Lee, by phone.

Following is a brief summary of the nature of the case:

This is an employment discrimination case. Plaintiff alleges: sex discrimination and retaliation under Title VII following the termination of her employment. Defendant denies it engaged in unlawful conduct and asserts Plaintiff's employment was terminated for legitimate non-discriminatory and non-retaliatory reasons. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the laws of the United States.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

1.     **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **November 3, 2025**. Defendant must make a good-faith counter-proposal by **November 17, 2025.** By **March 6, 2026** either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (2) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_birzer_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **April 3, 2026**. Defense counsel must

file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.     Discovery.**

      **a.**     The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **October 10, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

      **b.**     All discovery must be commenced or served in time to be completed by **May 22, 2026**.

      **c.**     The parties agree that principles of comparative fault do not apply.

      **d.**     Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained expert must be served by plaintiff by **January 30, 2026,** and by defendant

by **March 6, 2026**; disclosures and reports by any rebuttal expert(s) must be served by **April 10, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

      **e.**    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35  may be appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **March 20, 2026**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

      **f.**    The court considered the following discovery problem(s) raised by one or more of the parties: None.

      **g.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

The parties will produce ESI with Bates stamps in .pdf format. If a party requests electronically stored information in a native format, the parties agree to meet and confer to determine a format that is reasonably obtainable and useable.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The parties have agreed on the need for a protective order in this case. Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties' protective order shall address disclosure of privileged materials. Any party withholding responsive information from discovery on the basis of privilege must timely serve a privilege log consistent with Fed. R. Civ. P. 25(b)(5)(A) and the case law in this District.

**i.** To encourage cooperation, efficiency, and economy in discovery, and alto to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None.

**j.** All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**k.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **October 10, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 17, 2025.**

       **l.**      The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

       **m.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**     **Motions**

       **a.**      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 21, 2025.**

**b.**    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **June 26, 2026**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.**    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.**    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **June 26, 2026.**

**e.**    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and

suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.**    To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.**    Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4.    Pretrial Conference, Trial, and Other Matters.**

**a.**     A status conference prior to the pretrial conference is not requested.

**b.**    Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **June 11, 2026 at 11:00 a.m. via Zoom**. Attorneys wishing to appear by phone may request

permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **June 4, 2026,** defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **c.**    The parties expect the non-jury trial of this case to take approximately 5 trial days. The court will subsequently set this case for trial.

    **d.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **e.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

    IT IS SO ORDERED.

    Dated October 6, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

9

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **October 10, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 17, 2025** |
| Plaintiff's settlement proposal | **November 3, 2025** |
| Defendant's settlement counter-proposal | **November 17, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **March 6, 2026** |
| Motions to amend | **November 21, 2025** |
| Mediation completed | **April 3, 2026** |
| ADR report filed by Defendant | **14 days after mediation** |
| Experts disclosed by Plaintiff | **January 30, 2026** |
| Experts disclosed by Defendant | **March 6, 2026** |
| Rebuttal experts disclosed | **April 10, 2026** |
| Physical and mental examinations | **March 20, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **May 22, 2026** |
| Proposed pretrial order due | **June 4, 2026** |
| Pretrial conference | **June 11, 2026 at 11:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **June 26, 2026** |
| Motions challenging admissibility of expert testimony | **June 26, 2026** |
| Trial @ Kansas City; ETT: 5 days | **To be set at Pretrial Conference** |